UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
JOSEPH LEGRANO,                                                     :      10-CV-4258 (ARR)
                                                                    :
                                    Petitioner,                     :      NOT FOR PRINT OR
                                                                    :      ELECTRONIC
           -against-                                                :      PUBLICATION
                                                                    :
UNITED STATES OF AMERICA,                                           :      OPINION & ORDER
                                                                    :
                                    Respondent.                     :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Joseph Legrano, currently incarcerated and proceeding pro se, petitions this court for a writ of audita querela or a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. His petition challenges his August 14, 1995 conviction of murder in aid of racketeering and conspiracy to murder in aid of racketeering, both in violation of 18 U.S.C. § 1959(a), and using or carrying a firearm in relation to these crimes, in violation of 18 U.S.C. § 924(c), following a jury trial in this court. See United States v. Legrano, No. 93-CR-1231 (ARR). Petitioner has unsuccessfully challenged his conviction and sentence by direct appeal and two collateral attacks. See United States v. DeLucia, 125 F.3d 845, 1997 WL 616006 (2d Cir. 1997) (appeal); Legrano v. United States, No. 98-CV-6115 (ARR) (motion pursuant to 28 U.S.C. § 2255); Legrano v. United States, No. 09-CV-5505 (ARR) (petition for a writ of audita querela). In the instant petition, he argues (1) that the jury charge on the firearm count of the indictment was erroneous in light of United States v. Bailey, 516 U.S. 137 (1995), and (2) that the court erroneously found, under U.S.S.G. § 5G1.3(c), that his sentence on the murder and conspiracy counts should run partially consecutively to a prior sentence of incarceration. For the reasons that follow, the petition is dismissed.

1

The common law writs of audita querela and error coram nobis have both largely been replaced in the federal criminal context by the statutory writ of habeas corpus available in 28 U.S.C. §§ 2241, 2255. "Though formally abolished in civil cases, see Fed. R. Civ. P. 60(b), the writs of error coram nobis and audita querela remain available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1 (1st Cir. 1991) (audita querela), and United States v. Morgan, 346 U.S. 502 (1954) (coram nobis)).

Coram nobis may be available to review the conviction of a petitioner who is no longer in custody and therefore cannot obtain relief through 28 U.S.C. § 2255. Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005). In order to seek such relief, a petitioner must show that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (internal quotation marks and citation omitted).

Audita querela may be available when there is a legal objection to a conviction that arises subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (internal quotation marks and citations omitted). This writ is limited to cases where "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." Id.

Common law writs may be not used to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Mora v. United States, No. 11-CV-561 (CBA), 2011 WL 891440, at *2 (Mar. 10, 2011); see Persico v. United States, No.

2

10-86-pr, 2011 WL 1332184, at *1 (2d Cir. Apr. 8, 2011) (running of AEDPA's limitations period does not make the common law writs available); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (AEDPA's bar to second or successive § 2255 motion does not make common law writs available). Petitioner could have raised the instant claims in his first, timely § 2255 motion. That his failure to do so bars him from asserting these claims now does not raise serious constitutional questions. Therefore, an extraordinary writ does not lie.

Accordingly, the petition is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore in forma pauperis status is denied for the purpose of appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated:   May 3, 2011
         Brooklyn, New York

**SERVICE LIST**

<u>Pro Se Petitioner</u>
Joseph Legrano
13548-053
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432