UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOSEPH LEGRANO,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------------ X

10-CV-4258 (ARR)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

By opinion and order dated May 3, 2011, this court denied Joseph Legrano's pro se petition for a writ of audita querela or error coram nobis under the All Writs Act, 28 U.S.C. § 1651, challenging his 1995 conviction and sentence on murder and firearms charges. The court found that petitioner could not use these common law writs to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") where the claims that he sought to assert could have been raised in his first, timely § 2255 motion. Petitioner now moves the court to reconsider its prior decision. He argues (1) that the court failed to analyze whether grounds exist to excuse procedural bars to his petition and (2) that the court's application of AEDPA was contrary to the Suspension Clause of the United States Constitution. For the reasons that follow, petitioner's motion is denied.

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). The standard for granting a motion for reconsideration, therefore, "is strict, and reconsideration will generally be denied unless the moving party can

point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478).

Petitioner has not demonstrated that this court overlooked controlling law in its prior decision. First, petitioner is mistaken in his assertion that the court should have analyzed whether grounds exist to excuse his failure on direct appeal and his previous collateral attacks to raise the claims that he now seeks to assert. In general, claims that were not properly raised on direct appeal are procedurally defaulted and may not be raised on a § 2255 motion. See Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). A procedural default may be excused where the movant establishes either (1) cause for the failure to raise the claim on direct appeal and actual prejudice from the alleged violation or (2) actual innocence. Id. However, this analysis does not apply to a second or successive § 2255 motion. Rather, the habeas statute provides that a district court may not consider a petitioner's second or successive § 2255 motion unless the petitioner first obtains certification from the appropriate court of appeals that the motion contains either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); United States v. Fabian, 555 F.3d 66, 68 (2d Cir. 2009).

Petitioner cannot avoid this threshold requirement by styling his papers as a petition for a writ audita querela or error coram nobis rather than as a § 2255 motion. See Pipola v. United States, No. 10-2535-PR, 2011 WL 2745794 (2d Cir. July 15, 2011) (§ 2255, not audita querela, is the appropriate means for federal prisoners to challenge the legality of their convictions, notwithstanding its restrictions on second or successive motions).

Second, the denial of an extraordinary writ in his case does not violate the Suspension Clause. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 & n.4 (9th Cir. 2001) (AEDPA's bar to second or successive § 2255 motions does not suspend the writ of habeas corpus or make audita querela available) (citing Felker v. Turpin, 518 U.S. 651, 664 (1996)); Pipola, 2011 WL 2745794, at *1 ("[T]he remedy under § 2255 is not inadequate or ineffective merely because it greatly restricts second or successive motions.") (quoting Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010)).

Accordingly, petitioner's motion for reconsideration is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated:    August 16, 2011
             Brooklyn, New York

**SERVICE LIST**

<pre>
Pro Se Petitioner
Joseph Legrano
13548-053
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432
</pre>